**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WILMER CUTLER PICKERING HALE AND DORR LLP,<br><br>*Plaintiff*,<br><br>v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, U.S. DEPARTMENT OF JUSTICE, U.S. DEPARTMENT OF DEFENSE, U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, U.S. DEPARTMENT OF EDUCATION, U.S. DEPARTMENT OF VETERANS AFFAIRS, OFFICE OF MANAGEMENT AND BUDGET, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, CENTRAL INTELLIGENCE AGENCY, ENVIRONMENTAL PROTECTION AGENCY, DEPARTMENT OF HOMELAND SECURITY, DEPARTMENT OF STATE, DEPARTMENT OF ENERGY, DEPARTMENT OF THE TREASURY, DEPARTMENT OF LABOR, DEPARTMENT OF AGRICULTURE, DEPARTMENT OF COMMERCE, DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, SMALL BUSINESS ADMINISTRATION, OFFICE OF THE U.S. TRADE REPRESENTATIVE, DEPARTMENT OF THE INTERIOR, DEPARTMENT OF TRANSPORTATION, SECURITIES AND EXCHANGE COMMISSION, FEDERAL TRADE COMMISSION, U.S. PATENT AND TRADEMARK OFFICE, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, THE UNITED STATES OF AMERICA, *and, in their official capacities*, PAMELA J. BONDI, PETE HEGSETH, ROBERT F. KENNEDY, JR., LINDA M. MCMAHON, DOUGLAS A. COLLINS, RUSSELL T. VOUGHT, TULSI GABBARD, JOHN L. RATCLIFFE, LEE M. ZELDIN, KRISTI NOEM, MARCO RUBIO, CHRIS WRIGHT, SCOTT BESSENT, LORI CHAVEZ-DEREMER, BROOKE L. ROLLINS, HOWARD LUTNICK, SCOTT TURNER, KELLY LOEFFLER, JAMIESON GREER, DOUG BURGUM, SEAN DUFFY, MARK T. UYEDA, ANDREW N. FERGUSON, COKE MORGAN STEWART, ANDREA R. LUCAS,<br><br>*Defendants*. | Case No. 1:25-cv-917<br><br>**IMMEDIATE ORAL HEARING REQUESTED** |

**PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND
<u>PRELIMINARY INJUNCTION</u>**

Pursuant to Rule 65 of the Federal Rules of Civil Procedure and Local Civil Rule 65.1, plaintiff Wilmer Cutler Pickering Hale and Dorr LLP ("WilmerHale" or the "Firm") moves for the **immediate** entry **today** of the proposed temporary restraining order ("TRO") filed herewith, enjoining the implementation or enforcement of any provision of the directive issued by the President on March 27, 2025, entitled "Addressing Risks from WilmerHale" (the "Order"). If the Court concludes that an oral hearing is warranted prior to entering this TRO, undersigned counsel is available to participate in such a hearing **at any time today**.

WilmerHale respectfully requests that the Court enter an order stating that:

(1) Defendants are enjoined from implementing or giving effect to the Order in any way, including by relying on any of the statements in §1;

(2) Defendants are directed to rescind any and all guidance or direction that has already issued that relates to implementing or enforcing the Order;

(3) Defendants are directed to immediately issue guidance to their officers, staff, employees, and contractors to disregard the Order and carry on with their ordinary course of business as if the Order had never issued;

(4) Defendants U.S. Department of Justice; Pamela Bondi, in her official capacity as U.S. Attorney General; the Office of Management and Budget; and Russell Vought, in his official capacity as Director of the Office of Management and Budget, are directed to immediately issue guidance to all other agencies subject to the Order to suspend and rescind any implementation or enforcement; and

(5) Defendants are directed to take, in good faith, any other steps that are necessary to prevent the implementation or enforcement of the Order.

WilmerHale also requests that the Court order Defendants to show cause why a preliminary (or permanent) injunction should not issue and enter a merits briefing schedule at least as expedited as the schedule presently underway in *Perkins Coie LLP v. U.S. Department of Justice*, No. 1:25-cv-716 (D.D.C. Mar. 14, 2025), Dkt.26.  WilmerHale is prepared to proceed with a schedule under which dispositive briefing will be completed by April 18, as ordered in *Perkins Coie*.

Finally, WilmerHale respectfully requests that the Court dispense with the security requirement referenced in Federal Rule of Civil Procedure 65(c), pursuant to its "broad discretion" to determine whether an injunction bond is appropriate.  *E.g.*, *Council on Am.-Islamic Rels. v. Gaubatz*, 667 F.Supp.2d 67, 81 (D.D.C. 2009).  District courts can and should "dispense with any security requirement whatsoever" when, as here, "the restraint will do the defendant no material damage" and "there has been no proof of likelihood of harm."  *Am. First Legal Found. v. Becerra*, 2024 WL 3741402, at *16 n.11 (D.D.C. Aug. 9, 2024) (quoting *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 759 (D.C. Cir. 1980)).

The grounds for this motion are set forth in the attached memorandum of law and its supporting declarations and exhibits.  A proposed order and a certification of compliance with Local Civil Rule 65.1 are attached hereto.

March 28, 2025                                   Respectfully submitted,

                                          */s/ Paul D. Clement*
                                          PAUL D. CLEMENT (D.C. Bar. No. 433215)
                                          ERIN E. MURPHY (D.C. Bar No. 995953)
                                          JOSEPH J. DEMOTT (Virginia Bar No. 93981,
                                              D.D.C. Bar ID #D00561)
                                          CLEMENT & MURPHY, PLLC
                                          706 Duke Street
                                          Alexandria, VA 22314
                                          (202) 742-8900
                                          paul.clement@clementmurphy.com

                                          *Attorneys for Plaintiff Wilmer Cutler*
                                          *Pickering Hale and Dorr LLP*