UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILMER CUTLER PICKERING HALE AND DORR LLP,<br>    Plaintiff,<br><br>    v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, et al.,<br>    Defendants. | Civil Action No. 1:25-cv-00917-RJL |

**AMICUS CURIAE BRIEF OF PICKERING LEGAL LLC IN SUPPORT OF
<u>PLAINTIFF'S REQUEST FOR A PERMANENT INJUNCTION</u>**

Kenneth C. Pickering, BBO #634121
Pickering Legal LLC
100 Grove Street
Worcester, MA 01605
*kpickering@pickering-legal.com*

**<u>TABLE OF CONTENTS</u>**

I.   Statement of Interest ..………………………………………….… 3

II.  Facts ..……………………………………………………...……… 3

III. Argument ..……………………………………………………..... 4

## TABLE OF AUTHORITIES

Executive Orders

Addressing Risks from WilmerHale, issued March 27, 2025
(EO 14250) ……………..……………………………………………..………… 3, 4

Suspension of Security Clearances and Evaluation of Government
Contracts, issued February 25, 2025 …………………………………………….. 3

Addressing Risks from Perkins Coie LLP, issued March 6, 2025
(EO 14230) ……………………………………………………………………… 3

Addressing Risks from Paul Weiss, issued March 14, 2025
(EO 14237) ……………………………………………………………………… 3

Addressing Risks from Jenner & Block, issued March 25, 2025
(EO 14246) ………………………………………………………….………... 3

Addressing Remedial Action by Paul Weiss, issued March 21, 2025
(EO 14244) ……………………………………………………………………… 4

Preventing Abuses of the Legal System and the Federal Court, issued
March 22, 2025 ……………………………………………………………………. 4

## I. Statement of Interest

Amicus is a solo practitioner practicing law as Pickering Legal LLC. Amicus's legal work includes representing clients in litigation in federal courts and in matters involving federal agencies, including the U.S. Department of Justice, the U.S. Securities and Exchange Commission, the Internal Revenue Service, and the offices of various Inspectors General. This Amicus Curiae brief is filed pro se, not on behalf of any group or association. Amicus has no relationship with any of the parties.

This Amicus Curiae brief is submitted to highlight the fact that Executive Order 14250, *Addressing Risks from WilmerHale*, signed by President Trump on March 27, 2025 ("Executive Order 14250"), extends well beyond WilmerHale and other similarly situated large law firms. The chilling effect of Executive Order 14250 is also felt – perhaps even more so – by solo practitioners whose livelihood could be taken away with the issuance of a single executive order merely for advocating a position seen as antagonistic to the Administration.

## II. Facts

At the time of the filing of this Amicus Curiae brief, the Administration has issued executive orders against five individual law firms. See *Suspension of Security Clearances and Evaluation of Government Contracts*, issued February 25, 2025; *Addressing Risks from Perkins Coie LLP*, issued March 6, 2025 (EO 14230); *Addressing Risks from Paul Weiss*, issued March 14, 2025 (EO 14237); *Addressing Risks from Jenner & Block*, issued

3

March 25, 2025 (EO 14246); *Addressing Risks from WilmerHale*, issued March 27, 2025 (EO 14250). The executive order against Paul Weiss was rescinded after Paul Weiss made certain concessions to the Administration. See *Addressing Remedial Action by Paul Weiss*, issued March 21, 2025 (EO 14244).

The Administration also issued an executive order directed at any attorney "in litigation against the Federal Government." See *Preventing Abuses of the Legal System and the Federal Court*, issued March 22, 2025. (The executive orders discussed above are collectively referred to as the "Executive Orders").

### III. Argument

The Executive Orders target specific law firms and lawyers who represent clients in litigation against the federal government. The executive orders directed against individual law firms bar their attorneys from federal buildings, restrict federal employees from communicating with their attorneys, and impose other sanctions.

In addition to targeting specific law firms, the President's March 22, 2025 Executive Order directs the Attorney General to seek sanctions for conduct by attorneys and law firms engaged in litigation "against the United States or in matters before executive departments and agencies of the United States." The Executive Order also directs the Attorney General to retrospectively "review conduct by attorneys or their law firms in litigation against the Federal Government over the last 8 years." See *Preventing Abuses of the Legal System and the Federal Court*, issued March 22, 2025.

4

Notably, this heightened review is directly only at attorneys litigating *against* the federal government.

Taken as a whole, the Executive Orders create a climate of intimidation where counsel must evaluate whether pursuing any given matter might cause the Administration to bring the full weight of the federal government to bear on counsel for taking a position the Administration deems adverse to its interests.

The impacts of the Executive Orders, including Executive Order 14250 at issue here, are felt not only by large law firms and offices of states attorneys general, but also by Amicus and other solo and small firm practitioners. The Executive Orders, which target specific law firms, and in some cases individual attorneys, cause lawyers in all size firms to fear reprisal. Further, the Executive Order issued March 22, 2025, is directed at *any* attorney who is in litigation against the federal government or before a federal agency or department. The Executive Orders cast a sweeping net.

WilmerHale is not alone in thinking that the Executive Orders are meant to dissuade lawyers from taking cases adverse to the Administration's interests. There is no reason to believe that future executive orders will be confined only to large law firms.

By creating a chilling effect on lawyers who might take legal action against the interests of the Administration, the Executive Orders threaten clients' right to counsel, and counsels' ability to practice law. There are already sufficiently daunting obstacles

for those seeking recourse against the government through legal action. Having counsel decline to pursue a client's rights for fear of reprisal would effectively eliminate many individuals' ability to seek redress at all by reducing or eliminating the pool of attorneys to represent their interests. The Executive Orders, as well as other actions taken by the Administration, have already had a negative impact on clients' willingness to step forward to challenge or even interact with federal agencies.

Being subject to sanctions like those levied against the laws firms named in the Executive Orders would have a devastating effect on a small firm or solo practitioner. Even the decision about whether to file this Amicus Curiae brief came with significant apprehension about potential retribution. Our judicial system is under serious threat when determining whether to file an Amicus Curiae brief could be a career ending decision. But, when lawyers are apprehensive about retribution simply for filing a brief adverse to the government, there is no other choice but to do so.

The Administration may litigate its position in court, but to attempt to intimidate lawyers from bringing lawsuits even challenging the executive branch, threatens the ability of individuals to seek redress against their government. If Executive Order 14250 is allowed to stand, the result will be the further intimidation of legal counsel by the Administration, suppression of civil liberties, and the deterioration of the rule of law.

Amicus supports Plaintiff's Complaint and requests that the Court declare that Executive Order 14250 is unconstitutional and permanently enjoin implementation of the Order.

Respectfully submitted this 7th day of April, 2025.

_____
Kenneth C. Pickering, BBO #634121
Pickering Legal LLC
100 Grove Street
Worcester, MA 01605
*kpickering@pickering-legal.com*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief is in compliance with the requirements of Local Rule of Civil Procedure 5.4 and Rule 29(a)(4) of the Federal Rules of Appellate Procedure, and does not exceed 25 pages in length.

_____

Dated: April 7, 2025                                  Kenneth C. Pickering

7

## **CERTIFICATE OF SERVICE**

I, Kenneth C. Pickering, hereby certify that the foregoing Amicus Curiae Brief of Pickering Legal LLC in Support of Plaintiff's Request for a Permanent Injunction was submitted for filing on April 7, 2025, and will be served on all registered counsel by way of the Court's CM/ECF system.

*/s/ Kenneth C. Pickering*

Kenneth C. Pickering