UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILMER CUTLER PICKERING HALE AND DORR LLP,<br>    *Plaintiff,*<br><br>v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, et al.,<br>    *Defendants.* | Case Number: 1:25-cv-00917-RJL |

**UNOPPOSED MOTION OF SIXTY MEDIA ORGANIZATIONS AND
PRESS FREEDOM ADVOCATES IN SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to LCvR 7(o), sixty media organizations and press freedom advocates (together, "*amici*")[1] respectfully move, though the undersigned counsel, for leave to file a brief as *amici curiae* in support of Plaintiff's motion for summary judgment. The proposed brief is attached hereto as Exhibit 1, a proposed appendix A is attached as Exhibit 2, and a proposed order is attached as Exhibit 3. The Plaintiff consents to this motion. The Government does not oppose this motion.

In support of motion, *amici* state as follows:

This Court has "broad discretion" to permit the participation of *amici curiae*. *District of Columbia v. Potomac Elec. Power Co.*, 826 F. Supp. 2d 227, 237 (D.D.C. 2011). This Court has allowed *amici* when they have "relevant expertise and a stated concern for the issues at stake" in the case, and the Court believes that "it may benefit from their input." *Id. Amici* are required to state "the reasons why an amicus brief is desirable, why the movant's position is not adequately

---

[1] The individual *amici* are described in Appendix A.

1

represented by a party, and why matters asserted are relevant to the disposition of the case." LCvR 7(o)(2).

Movant *amici* are the Press Freedom Defense Fund (a project of The Intercept Media, Inc.), the Freedom of the Press Foundation, and fifty-eight other media organizations and free press advocates. *Amici* include newsrooms that publish information of public concern, associations that represent individual journalists and publications, organizations that advocate for press freedom, law firms that practice media law, and individual attorneys who collectively have more than five hundred years of practice experience on issues related to the First Amendment and press freedom. As both attorneys and those who rely on attorneys to perform critical press functions, *amici* can directly address a relevant constituency that risks being overlooked by briefing by Plaintiff and other *amici curiae*: those who, by their profession, are routinely antagonistic to the Executive Branch, and seek to adjudicate such disputes before the Judicial Branch.

As such parties, *amici* share Plaintiff's concerns about the Executive Order at issue in this case. *See* Addressing Risks from WilmerHale, Exec. Order 14,250, 90 Fed. Reg. 14549 (Mar. 27, 2025) ("Executive Order"). But, while Plaintiff focuses many of its arguments on the impact of the Executive Order on firms and clients who do transactional business with or for the federal government, *see, e.g.*, Berman Decl. ¶ 30–31, ECF No. 3-2, *amici* represent the views of members of the press, who, to realize their role as the public's proxy and a check on government action, must necessarily take an oppositional stance against actions by the government to suppress information or chill speech. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 572–73 (1980). The attached proposed brief argues how this Executive Order, if not permanently enjoined, threatens the historic function of the press in concrete terms and risks, by extension, the broader interests of the public. These harms are relevant to the disposition of the case, as they speak to the broader impact of this Executive Order beyond the law firms and clients who are its direct targets or targets of similar orders. As set forth in the proposed brief, the harms that flow from the Executive Order risk our whole system of informed self-governance.

While *amici* serve a variety of roles with the press ecosystem, they are unified in their deep experience and interest in ensuring the ongoing freedom of the press, and their understanding of the importance of legal counsel in securing those freedoms. *Amici* believe that the proposed brief will assist this Court in considering these broader free press impacts as it rules on Plaintiff's motion.

For the foregoing reasons, *amici* respectfully request that the Court grant their motion for leave to file a brief as *amici curiae*.

Dated: April 11, 2025

Respectfully submitted,

/s/ Mason A. Kortz

Mason A. Kortz
1557 Massachusetts Ave, 4th Floor
Cambridge, MA 02138
Telephone: 617-495-2845
mkortz@law.harvard.edu

Kendra K. Albert*
Andrew F. Sellars*
Albert Sellars LLP
48 Wyman St, Unit 2
Jamacia Plain, MA 02130

Attorneys for *Amici Curiae*

*Admission to D.D.C. pending

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2025, I electronically filed the original of this motion with the Clerk of the Court using the CM/ECF filing system. Notice of this filing will be sent to all attorneys of record by operations of the Court's electronic filing system.

Dated: April 11, 2025                                   /s/ Mason A. Kortz

                                                                  Mason A. Kortz