**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WILMER CUTLER PICKERING HALE AND DORR LLP, | |
| Plaintiff, | Civil Action No. 1:25-0917-RJL |
| v. | |
| EXECUTIVE OFFICE OF THE PRESIDENT, *et al*., | **CONSENT MOTION OF 342 FORMER JUDGES FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE* IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| Defendants. | |

The 342 retired federal and state court judges whose names are listed in Exhibit A respectfully move this Court for leave to file the brief attached as Exhibit B as *amici curiae* in support of Plaintiff's motion for summary judgment. *See* D.D.C. Local Civ. R. 7(o)(2). *Amici* submit this brief to address the risk that Executive Order 14230 poses to the effective administration of justice and to the rule of law. Plaintiff and Defendants have both stated that they have no objection to this motion. This brief is timely under this Court's April 1, 2025 Minute Order.

### Interest of the *Amici Curiae*

*Amici* have dedicated their working lives to the rule of law. They have extensive experience with adjudication as a means of resolving disputes, and they know from experience that litigation conducted by zealous and ethical advocates, and presided over by neutral and independent judges, is an indispensable element of the rule of law. *Amici*'s views on political and social issues vary, but they agree with Chief Justice Roberts that judges "don't work as Democrats or Republicans."[1]

---

[1] Adam Liptak, *John Roberts, Leader of Supreme Court's Conservative Majority, Fights Perception That It Is Partisan*, New York Times (Dec. 23, 2018), https://www.nytimes.com/2018/12/23/us/politics/chief-justice-john-roberts-supreme-court.html.

*Amici* share an interest in ensuring both the substance and the appearance of justice in the adjudication of disputes. This requires—always—preserving the freedom of lawyers to advocate for their clients with candor and with zeal, thus providing judges with the complete legal and factual record needed for fair adjudication. To the same end, *amici* share an interest in preserving the discretion judges need to regulate the conduct of lawyers who appear before them.

## Reasons why the brief of *amici curiae* should be filed

The only person to serve as both President and Chief Justice of the United States rightly stated that "our courts, as they are now conducted, and our profession, which is the handmaid of justice, are necessarily so bound together in our judicial system that an attack upon the courts is an attack upon our profession, and an attack upon our profession is equally an attack upon the courts."  William Howard Taft, ETHICS IN SERVICE 1 (1915). *Amici* provide the perspective of former judicial officers with a wide range of views and experience. No party adequately represents that viewpoint, and none can draw upon *amici's* collective experience in presiding over judicial proceedings at the trial and appellate levels in identifying the flaws in Executive Order 14250, captioned "Addressing Risks From WilmerHale" (the "Order"), or the institutional harms that Order threatens.

*Amici's* proposed brief explains that the Order undermines the rule of law by threatening the independence of lawyers and litigants to petition courts to redress their grievances. In particular, the Order imposes political restrictions—and viewpoint-based sanctions—not only on lawyers who assert disfavored positions, but on their clients in unrelated proceedings. By restricting the range of permissible legal argument and constraining the professional independence of counsel, the Order undermines the constitutional role of the courts as independent forums for adjudicating disputes. In addition, the Order threatens the ability of an independent judiciary to

regulate the conduct of lawyers who appear in court, substituting *post hoc* penalties imposed by the Executive Branch.  Finally, the Order promotes unwarranted hostility toward the process of adjudication and, by implication, the judicial officers who oversee it.

The proposed brief thus addresses several of the core issues raised by Plaintiff's motion and will assist the Court in reaching the correct disposition.

*Amici* acknowledge and draw the Court's attention to *Boumediene v. Bush*, 476 F.3d 934 (D.C. Cir. 2006), which—over Judge Rogers' dissent—denied a motion for leave to file an amicus brief on behalf of retired federal jurists. The *per curiam* opinion referenced an Advisory Opinion from the Committee on Codes of Conduct, Judicial Conference of the United States. As noted in dissent, that Opinion pertained to judges acting as counsel rather than *amici*. And as the Fifth Circuit noted in *Lefebure v. D'Aquilla,* 15 F.4th 670 (2021), 15 F.4th 670 (2021), departing from the D.C. Circuit's decision, the Supreme Court accepted an amicus brief on behalf of retired judges in its review of the D.C. Circuit decision, and both the Supreme Court and the D.C. Circuit have done so thereafter:

> [I]in the wake of *Boumediene*, the Supreme Court not only continues to accept amicus briefs filed by retired federal judges, but even quotes them from time to time in judicial opinions. *See, e.g., Terry v. United States*, —— U.S. ——, 141 S. Ct. 1858, 1868, 210 L.Ed.2d 108 (2021) (Sotomayor, J., concurring in part and concurring in the judgment) (quoting amicus brief of retired federal judges); *California Public Employees' Retirement System v. ANZ Securities, Inc*., —— U.S. ——, 137 S. Ct. 2042, 2058, 198 L.Ed.2d 584 (2017) (Ginsburg, J., dissenting) (same); *Aurelius Capital Management, L.P. v. Tribune Media Co.*, 577 U.S. 1230, 136 S.Ct. 1459, 194 L.Ed.2d 575 (2016) (granting leave to former federal judges to

file brief as amici); *Hamdan v. Rumsfeld*, 546 U.S. 1166, 126 S.Ct. 1317, 164 L.Ed.2d 45 (2006) (same).

In fact, the Supreme Court accepted an amicus brief from a group of former federal judges in *Boumediene* itself. *See Boumediene v. Bush*, 553 U.S. 723, 731 n.†, 128 S.Ct. 2229, 171 L.Ed.2d 41 (2008) (listing amicus brief of former federal judges). Even the D.C. Circuit on various occasions has accepted amicus briefs from former federal judges, notwithstanding its earlier decision in Boumediene. *See, e.g., In re Flynn*, 961 F.3d 1215, 1219 (D.C. Cir. 2020) (listing amicus brief of former federal district judges); *In re Leopold*, 964 F.3d 1121, 1123 (D.C. Cir. 2020) (listing amicus brief of former federal magistrate judges).

15 F.4th at 672-673.

The Supreme Court continues to accept amicus briefs including retired judges, including those among the *amici* in this case. *See Smith v. Boeing* (23-2358)[2]; *Trump v. Anderson*, No. No. 23-719.[3] *Amici* therefore submit that the Circuit opinion in *Boumediene* is not an impediment to filing of this brief.

No party's counsel authored this motion or the proposed brief in whole or in part; no party or party's counsel contributed money that was intended to fund preparing or submitting the brief; and no person—other than the *amici curiae* or their counsel—contributed money that was intended to fund preparing or submitting the brief.  *See* D.D.C. Local Civil Rule 7(o)(5) (incorporating Fed. R. App. P. 29(a)(4)).

---

[2] https://www.supremecourt.gov/DocketPDF/24/24-849/352002/20250312185237848_Smith_Amicus%20Brief_file.pdf
[3] https://www.supremecourt.gov/DocketPDF/23/23-719/299107/20240129171610494_23-719_Amici%20Brief.pdf

**Conclusion**

The motion for leave to file the proposed brief of *amici curiae* should be granted.


RESPECTFULLY SUBMITTED this 11th day of April, 2025.

> */s/ Donald Falk*
> Donald Falk (D.C. Bar No. 435926)
>   (*pro hac vice pending*)
> 4416 Harbord Dr.
> Oakland, CA 94618
> E: donald.falk@gmail.com
> T: 650-269-2020
>
> */s/ Sara Kropf*
> Sara Kropf (DC Bar No. 481501)
> Kropf Moseley Schmitt PLLC
> 1100 H Street, NW, Suite 1220
> Washington DC 20005
> E: sara@kmlawfirm.com
> T: 202-627-6900

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 11, 2025, I electronically filed the original of this motion with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all attorneys of record by operation of the Court's electronic filing system.

<u>*/s/ Sara Kropf*</u>
Sara Kropf