UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WILMER CUTLER PICKERING HALE AND DORR LLP,** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| v. | :    Case No. 1:25-cv-00917-RJL |
| | : |
| **EXECUTIVE OFFICE OF THE PRESIDENT, et al.,** | : |
| | : |
| **Defendants.** | : |

**BRIEF OF AMICUS CURIAE INTERNATIONAL ACADEMY
OF TRIAL LAWYERS IN SUPPORT OF PLAINTIFF**

The International Academy of Trial Lawyers ("Academy") respectfully submits this brief as amicus curiae in support of Plaintiff WilmerHale's challenge to the Executive Order issued by the Executive Branch.

**INTEREST OF AMICUS CURIAE**

The International Academy of Trial Lawyers ("Academy") is an organization of elite trial lawyers from the United States and abroad, dedicated to the administration of justice and the preservation of the adversary system. Its membership includes a balanced group of plaintiff and defense lawyers, public defenders, prosecutors, and judges. The Academy is committed to the principle that every person and institution—no matter how unpopular—is entitled to legal representation free from government retaliation.

The Academy's Board unanimously authorized this brief to express its grave concern over what it views as a direct and growing threat to the Rule of Law: the repeated use of executive power to punish private law firms for doing their jobs. The

Executive Order at issue—targeting WilmerHale—is the third such order in a chilling pattern. Perkins Coie, Jenner & Block, and now WilmerHale have all been targeted by name for their clients and their arguments in court. This is not principled governance. It is retribution. It attempts to sideline the legal profession as an independent pillar of democracy.

The Academy submits this brief because it knows, from history and experience, that the independence of the bar is the first target of authoritarianism. Lawyers who cannot freely advocate become clerks to power. If the Executive Branch can determine which firms may represent which clients without fear of reprisal, then constitutional rights become conditional—subject to political permission.

## ARGUMENT

I.     EXECUTIVE ORDER 14250 IS PART OF A PATTERN OF RETALIATION THAT THREATENS THE RULE OF LAW

Executive Order 14250 is not an isolated act. It is part of a deliberate and escalating campaign to intimidate law firms whose clients or litigation strategies displease those in power. The Order does not allege misconduct, fraud, or ethical breaches. It punishes protected legal advocacy—on matters of public significance—through economic coercion, reputational attacks, and access restrictions. This weaponization of executive power is not just a threat to WilmerHale. It is a warning to every lawyer in America: represent the wrong client, and your firm could be next.

The Rule of Law does not survive in an atmosphere where legal representation is selectively punished by the government. This Court must say so, clearly and without hesitation

## II. THE ORDER VIOLATES CORE CONSTITUTIONAL PROTECTIONS

Executive Order 14250 violates the First Amendment by retaliating against legal speech and the right to petition the government for redress. It violates the Fifth Amendment's Due Process Clause by imposing sweeping, indefinite sanctions without any adjudicative process. It undermines the Sixth Amendment right of clients to access counsel free from intimidation. And it erodes the structural principle of separation of powers by discouraging legal challenges to executive authority.

The Executive Branch cannot police its critics by punishing their lawyers.

## III. THE COURT MUST DEFEND THE ADVERSARIAL SYSTEM FROM POLITICAL COERCION

The adversarial system depends on courageous and independent advocacy. Without it, the courts are reduced to theater. This Court's issuance of a Temporary Restraining Order on March 28, 2025, and its extension on April 1, 2025, were necessary and correct. But, temporary relief is not enough. The Court must now speak definitively: The Executive cannot weaponize access to the justice system to punish those who challenge it.

## IV. HISTORY SHOWS THAT UNPOPULAR ADVOCACY IS OFTEN VINDICATED BY TIME AND LAW

From John Adams's defense of British soldiers to Thurgood Marshall's desegregation cases, from counsel for Japanese Americans during World War II to lawyers who stood up to McCarthyism, the legal profession's proudest moments have often come when it stood against public and governmental hostility. The Executive Orders issued in these cases seek to suppress that kind of advocacy. The courts must not permit it.

**CONCLUSION**

The International Academy of Trial Lawyers respectfully urges the Court to declare Executive Order 14250 unconstitutional and to permanently enjoin its enforcement. The independence of the legal profession—and the integrity of the judicial process—are in the balance.

Dated: April 11, 2025                    Respectfully submitted,


**Patrick M. Regan**
Bar No. 336107
REGAN ZAMBRI LONG PLLC
1919 M Street, NW, Suite 600
Washington, DC 20036-3521
Direct: 202-822-1880


/s/ Joe H. Tucker, Jr.
**Joe H. Tucker, Jr., Esquire**
TUCKER LAW GROUP, LLC
1801 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 875-0609
jtucker@tlgattorneys.com
(pro hac to be filed)
Counsel for Amicus Curiae,
International Academy of
Trial Lawyers