IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

WILMER CUTLER PICKERING HALE
AND DORR LLP,

      Plaintiff,

v.                                                Civil Action No. 25-917 (RJL)

EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*,

      Defendants.

_____

## **DEFENDANTS' MOTION TO CLARIFY**

Defendants respectfully move this Court to clarify its Order (ECF No. 111 "Order") on Wilmer Cutler Pickering Hale and Dorr LLP's ("WilmerHale") Motion for Summary Judgment (ECF No. 16) and Defendants' Motion to Dismiss (ECF No. 15). Specifically, Defendants seek clarification regarding the scope of the Court's declaratory and injunctive relief as applied to Section 4 of Executive Order 14250, *Addressing Risks from WilmerHale*, 90 Fed. Reg. 14549 (Apr. 3, 2025) ("E.O.").

Section 4 of the E.O. directs the EEOC and Department of Justice to conduct a review of legal industry practices to ensure compliance with Title VII of the Civil Rights Act.[1] WilmerHale's

---

[1] Section 4 of the E.O. states that:

**Sec. 4.** *Racial Discrimination.* Nothing in this order shall be construed to limit the action authorized by section 4 of Executive Order 14230 of March 6, 2025 (Addressing Risks from Perkins Coie LLP).

Section 4 of the Executive Order 14230 (regarding Perkins Coie) states that:

1

claims regarding Section 4 of Executive Order 14250 were brought solely on an as-applied basis. See, e.g., *Memorandum of Law in Support of Plaintiff Wilmer Cutler Pickering Hale and Dorr LLP's Motion for Summary Judgment and for Declaratory and Permanent Injunction Relief*, ECF No. 16-1, at 20, 34, 36.

The Defendants' reading of the Order is that it offers redress only for the claim brought by Plaintiff, and enjoins Defendants from requesting any information from or otherwise pursuing any investigation of Plaintiff relating to Section 4 of the E.O. However, as the Order declares that the E.O. is "unconstitutional … and is therefore null and void" Defendants, in an abundance of caution, move this Court to clarify that the Order only enjoins enforcement of Section 4 of Executive Order 14250 as applied to Plaintiff and does not impact actions undertaken by the EEOC or Department of Justice regarding entities other than the Plaintiff. Accordingly, for the avoidance of doubt, Defendants respectfully move this Court to clarify its Order as follows:

> The injunctive relief as to Section 4 of Executive Order 14250 in the Court's Order of May 27, 2025 (ECF No. 111) runs only in favor of Plaintiff, Wilmer Cutler Pickering Hale and Dorr LLP (including its affiliates, predecessors, successors, assigns, directors, officers, partners, employees, and agents).

Rather than the entry of an amended order, Defendants believe a minute order with this clarification would be sufficient.

---

**Sec. 4**. Racial Discrimination. (a) the Chair of the Equal Employment Opportunity Commission shall review the practices of representatives large, influential, or industry leading law firms for consistency with Title VII of the Civil Rights Act of 1964, including whether large law firms; reserve certain positions, such as summer associate spots, for individuals of preferred races; promote individuals on a discriminatory basis; permit client access on a discriminatory basis; or provide access to events, trainings, or travel on a discriminatory basis.

Dated: June 3, 2025  
Washington, D.C.

Respectfully submitted,

/s/ *Richard Lawson*
RICHARD LAWSON
Deputy Associate Attorney General
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 445-8042

*Counsel for Defendants*

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7(m)

Pursuant to D.D.C. Local Civil Rule 7(m), I hereby certify that I discussed the foregoing Motion with counsel for Plaintiff who does not oppose the relief sought.

/s/ *Richard Lawson*
RICHARD LAWSON
Deputy Associate Attorney General
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 445-8042

*Counsel for Defendants*