IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILMER CUTLER PICKERING HALE AND DORR LLP,<br><br>      *Plaintiff,*<br><br>  v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*,<br><br>      *Defendants*. | Case No. 1:25-cv-917<br><br>Judge Richard J. Leon |

**PLAINTIFF'S MOTION TO AMEND THE JUDGMENT**

  Pursuant to Federal Rule of Civil Procedure 59(e), Wilmer Cutler Pickering Hale and Dorr LLP ("WilmerHale") moves the Court to amend its final judgment of May 27, Dkt.111 (the "Order"). This Court has "broad discretion to … amend a judgment pursuant to Rule 59(e)." *Friends of the Capital Crescent Trail v. Fed. Transit Admin.*, 268 F.Supp.3d 86, 88 (D.D.C. 2017) (Leon, J.). And an exercise of that discretion is warranted here to ensure that this Court's order "provide[s] complete relief to the plaintiff[]," *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979), from an executive order this "Court has found … unconstitutional," Dkt.110 at 68. To that end, WilmerHale moves the Court to amend its Order so that the relief applies to all agencies and officials subject to Executive Order 14250, and specifically the agencies and officials that received the Executive Order, set forth in Appendix A to the attached proposed order.

  1.  WilmerHale's complaint named 52 defendants: 26 federal government agencies, 25 federal officers (sued in their official capacities), and the United States. Dkt.1 ¶¶20-71. The complaint explained that the United States was named "to ensure that the relief ordered by the

Court will apply government-wide." *Id.* ¶71. Such comprehensive relief was necessary both because "WilmerHale's employees interact with—and their attorneys appear before—dozens of different federal agencies" and because Executive Order 14250 "generally directs all federal agencies to take specified action." *Id.*

On May 27, this Court granted WilmerHale judgment on seven counts raised in its complaint, holding the executive order unconstitutional in its entirety. Dkt.111 at 1. That same day, the Court issued the Order, which detailed the injunctive and declaratory relief it was granting. *Id.* Four provisions of the Order are relevant here. *First*, the Court declared Executive Order 14250 unconstitutional and "null and void" in all respects, binding the United States—and therefore all of its agencies and officials—to that holding. *Id.* at 2; *see* Dkt.110 at 69 n.35 (holding that the United States is a proper defendant). *Second*, the Court permanently enjoined the "agency defendants," i.e., "all defendants other than defendant United States," "from implementing or giving effect to Executive Order 14250." Dkt.111 at 1. *Third*, the Order directed agency defendants to "immediately take any and all steps necessary to nullify and reverse any implementation or enforcement of Executive Order 14250 that has occurred or is occurring." *Id.* *Fourth*, the Court mandated that "the agency defendants … immediately issue guidance to their officers, staff, employees, and contractors, instructing them to disregard Executive Order 14250." *Id.* On its face, therefore, while the entire United States government is bound by the Court's declaratory judgment, only the 51 agencies and officers named in the complaint are subject to the injunctive provisions of the Order; none of the other agencies and officers subject to Executive Order 14250 (hereinafter, "other covered agencies") falls within the Order's injunctive scope.

2. Following this Court's entry of its Order, WilmerHale's counsel emailed government counsel, asking if the government had notified (or would agree to notify) the other

2

covered agencies of this Court's declaratory judgment and their obligation to abide by it.  Decl. of Joseph J. DeMott ¶3 ("Ex.1").  Government counsel indicated that the government was not willing to notify these agencies of the Court's order.  Ex.1 ¶4.  A few days later, WilmerHale's counsel followed up with a second email, pointing out that the agencies in question "were subject to Executive Order 14250 and received notice of it," and that, unless they are alerted that this Court has declared it null and void, there is a risk that they will "continue to enforce an Executive Order that has been held unconstitutional."  Ex.1 ¶5.  In response, government counsel confirmed that the government will not agree to distribute the Court's order "beyond the agency defendants" and "would object to distribution of the order" to other covered agencies, supposedly because "such an effort would be futile without their being a named party."  Ex.1 ¶6.

As a result of this refusal, WilmerHale is at risk that an executive order this Court has "struck down in its entirety as unconstitutional," Dkt.110 at 1, will nevertheless be enforced against it by agencies and officers who may not be aware (or could potentially claim unawareness) of either this Court's declaratory judgment or their obligation to comply with that declaration. Notably, ten days after the Court issued its order, *even the named defendant agencies* have not fully complied.  The Court ordered "agency defendants" to "immediately issue guidance to their officers, staff, employees, and contractors, instructing them to disregard Executive Order 14250" and instructed government counsel to "provide counsel for WilmerHale with copies of such guidance within seven (7) days of issuance." Dkt.111 at 2.  As of this filing, however, WilmerHale has not received copies of such guidance for six of the named defendant agencies.  Ex.1 ¶7.

3.      For these reasons, WilmerHale asks the Court to amend its judgment so that the permanent injunction applies to every agency and officer subject to Executive Order 14250, not just the 51 named in the complaint.  Such relief is necessary in light of this Court's (correct)

3

holding that "the United States is a proper defendant" in this case, Dkt.110 at 69 n.35, and its entry of a declaratory judgment that binds the entire government.

The government's disagreement with this Court's holding about the propriety of proceeding against the United States as a defendant, or the entry of declaratory relief against the United States, is flatly wrong.  The Administrative Procedure Act ("APA") provides that "any mandatory or injunctive decree" "may be entered against the United States" so long as the decree "specif[ies] the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance."  5 U.S.C. §702; *see* Dkt.110 at 69 n.35 ("the United States is a proper defendant" because "WilmerHale has met [Section 702's] requirements"); *Jenner & Block LLP v. U.S. Dep't of Justice*, --- F.Supp.3d ----, 2025 WL 1482021, at *24 (D.D.C. May 23, 2025) ("the United States has waived sovereign immunity for purposes of suits just like this one").

In their motion to dismiss, defendants asserted that WilmerHale "can seek only to enjoin the agency officials it named in its Complaint."  Dkt.15-1 at 33.  That is incorrect.  As Judge Bates explained in a decision holding unconstitutional the similar executive order against another law firm, Jenner & Block, nothing in the APA (or any other provision of law) requires that a plaintiff "list the federal officers it seeks to enjoin[] … in the caption of the complaint."  *Jenner & Block*, 2025 WL 1482021, at *24.  There, Jenner produced "a lengthy list of agencies and agency heads subject to the executive order" which, in turn, would be subject to an injunction enjoining the order.  As Judge Bates held, such a list satisfied the plaintiff's burden to identify the officers and agencies subject to an injunction entered against the United States.  Accordingly, Judge Bates enjoined the officers listed in Appendix A (which is identical to the Appendix A filed as Dkt.139-1 in *Jenner & Block*), ordering them to give no effect to the Executive Order at issue there and to reverse any actions that had been taken pursuant to it.  *Id.*  The same result is needed here.  Amending the

4

Order so that it applies to all the agencies and officers included in Appendix A would ensure that WilmerHale would no longer be subject to the harms flowing from the unconstitutionality of Executive Order 14250, an executive order which, again, applies to "all federal agencies," Dkt.1 ¶71, all of which are subject to this Court's declaration of unconstitutionality and finding that the executive order is "null and void," Dkt.111 at 2.

In the alternative, the Court could order the Department of Justice to provide the agencies and officials listed in Appendix A with notice of the Court's order and declaration that Executive Order 14250 is unconstitutional and null and void, and of their obligation to give no effect to the Executive Order and to reverse any actions previously taken pursuant thereto. Given the government's position that any declaratory judgment against the United States is inappropriate, however, for avoidance of doubt in this matter we urge the Court to amend its Order to enjoin these agencies and officials to comply with its ruling.

Plaintiff's counsel has conferred with Defendants' counsel and is advised that Defendants oppose this request.

## CONCLUSION

To ensure that WilmerHale receives complete relief from the injuries that compelled it to file this lawsuit, this Court should grant WilmerHale's motion to amend the Court's May 27 order so that the provisions of the Order (1) permanently enjoining the agency defendants "from implementing or giving effect to Executive Order 14250," (2) ordering the agency defendants to "immediately take any and all steps necessary to nullify and reverse any implementation or enforcement of Executive Order 14250 that has occurred or is occurring," and (3) directing the agency defendants to "immediately issue guidance to their officers, staff, employees, and contractors, instructing them to disregard Executive Order 14250," Dkt.111 at 2, apply to all

agencies and officers subject to Executive Order 14250, as identified in Appendix A to the attached proposed amended order.

| | |
|---|---|
| June 6, 2025 | Respectfully submitted, |
| | *s/ Erin E. Murphy* |
| | PAUL D. CLEMENT (D.C. Bar No. 433215)<br>ERIN E. MURPHY (D.C. Bar No. 995953)<br>MATTHEW D. ROWEN (D.C. Bar No. 176865)<br>JOSEPH J. DEMOTT (Virginia Bar No. 93981,<br>      D.D.C. Bar ID #D00561)<br>CLEMENT & MURPHY, PLLC<br>706 Duke Street<br>Alexandria, VA 22314<br>(202) 742-8900<br>erin.murphy@clementmurphy.com |