IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILMER CUTLER PICKERING HALE AND DORR LLP,<br><br>                *Plaintiff*,<br><br>    v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*,<br><br>                *Defendants*. | Case No. 1:25-cv-917<br><br>Judge Richard J. Leon |

**DECLARATION OF JOSEPH J. DEMOTT
IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND THE JUDGMENT**

1. I am an attorney in the law firm of Clement & Murphy, PLLC, and a member of the Bar of this Court. I am one of the counsel of record in the above-captioned action representing Plaintiff, Wilmer Cutler Pickering Hale and Dorr LLP. I submit this declaration in support of Plaintiff's Motion to Amend the Judgment.

2. I am over the age of 18 and competent to make this declaration. I have personal knowledge of the facts set forth in this declaration and, if called and sworn as a witness, could and would competently testify to them.

3. On Monday, June 2, 2025, I emailed Richard Lawson, who is the lead counsel for the government in this litigation. In that email, I asked Mr. Lawson for confirmation that the government had sent, or was going to send, notice of this Court's final judgment to all federal agencies covered by Executive Order 14250, including agencies not named as defendants in this litigation (hereinafter, "other covered agencies").

4. On Tuesday, June 3, 2025, I spoke with Mr. Lawson over the phone. Mr. Lawson informed me that the government was not willing to send the requested notice to other covered agencies.

5. On Thursday, June 5, 2025, I sent Mr. Lawson another email in which I pointed out that the agencies in question "were subject to Executive Order 14250 and received notice of it"; this Court "issued a declaratory judgment that Executive Order 14250 is 'null and void'"; and the requested notification is necessary to ensure that other covered agencies "do not continue to enforce an Executive Order that has been held unconstitutional." Att.1. I further pointed out that the United States is a named defendant, and this Court's declaratory judgment "is binding on the United States." Att.1. I also conveyed that WilmerHale was prepared to file a motion to amend the judgment so that the permanent injunction binds non-named agencies or, in the alternative, for an order directing the government to notify other covered agencies of the declaratory judgment. Att.1.

6. On Friday, June 6, 2025, Mr. Lawson confirmed that the government would not agree to provide the requested notice. Att.1. Mr. Lawson further conveyed that the government would oppose any motion to amend the pleadings to add other covered agencies as defendants or bind those agencies to the Court's order, "and would object to the distribution of the order" to such agencies, supposedly because "such an effort would be futile without their being a named party." Att.1.

7. In its final judgment, this Court ordered "agency defendants" to "immediately issue guidance to their officers, staff, employees, and contractors, instructing them to disregard Executive Order 14250" and ordered government counsel to "provide counsel for WilmerHale

2

with copies of such guidance within seven (7) days of issuance." Dkt.111 at 2. As of this filing, Mr. Lawson has provided me with copies of such guidance for only 20 of the 26 agency defendants.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed on June 6, 2025, in Columbia, South Carolina.

_____
JOSEPH J. DEMOTT
Virginia Bar No. 93981
D.D.C. Bar ID #D00561

# Attachment 1

# Joe DeMott

| | |
|---|---|
| **From:** | Lawson, Richard (OASG) <Richard.Lawson3@usdoj.gov> |
| **Sent:** | Friday, June 6, 2025 1:19 PM |
| **To:** | Joe DeMott |
| **Subject:** | RE: Request for position on forthcoming motion |

Joe, thanks for reaching out on the below.

As discussed, in our review of the order the Court draws between the United States as a defendant and the named agency defendants.  The Court places certain burdens on agency defendants regarding distribution of the Court's order without corresponding duties on non-agency defendants or on the United States.  Given these distinctions, we do not see the order as requiring distribution of the order beyond the agency defendants.

In regards to your proposed motion, we would oppose efforts for non-named agencies to bound to the Court's order and would object to distribution of the order to non-named agencies as such an effort would be futile without their being a named party, subject to the Court's order.  To that end, we would similarly oppose an effort to amend the pleadings to add these non-named agencies as there are insufficient allegations as to how those new defendants injured your client.

Hopefully the above is in harmony with prior statements in our conversations; please do not hesitate to contact me if you have any questions or would like to discuss.

Best,

Richard Lawson

---

**From:** Joe DeMott <Joseph.DeMott@clementmurphy.com>
**Sent:** Thursday, June 5, 2025 5:01 PM
**To:** Lawson, Richard (OASG) <Richard.Lawson3@usdoj.gov>
**Subject:** [EXTERNAL] Request for position on forthcoming motion

Richard:

My understanding is that, in addition to the 26 agencies named as defendants in WilmerHale's complaint, there are several dozen other federal agencies that were subject to Executive Order 14250 and received notice of it.  Last week, WilmerHale asked if you had sent (or would agree to send) an email to these non-named agencies, informing them that Judge Leon has issued a declaratory judgment that Executive Order 14250 is "null and void."  WilmerHale believes that such a notification is amply warranted to ensure that non-named agencies do not continue to enforce an Executive Order that has been held unconstitutional, particularly since Judge Leon's declaratory judgment is binding on the United States.  Based on our discussion on Tuesday, however, I understand that the government is not willing to notify non-named agencies about Judge Leon's order.  Could you please confirm?

Assuming that the government is not willing to provide the requested notification to non-named agencies, WilmerHale intends to file a motion asking Judge Leon to amend his judgment so that his permanent injunction

binds non-named agencies or, in the alternative, to order the government to notify the non-named agencies of the declaratory judgment. Could you please let me know the government's position on this motion by 2pm ET tomorrow?

Thanks,
Joe

**Joseph J. DeMott**

**Clement & Murphy, PLLC**
706 Duke Street
Alexandria, VA 22314
(202) 742-8893
joseph.demott@clementmurphy.com