UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

WILMER CUTLER PICKERING HALE
AND DOOR LLP,

    *Plaintiff*,

  v.                                     Civil Action No. 1:25-cv-917

EXECUTIVE OFFICE OF THE
PRESIDENT, *et al.*,

    *Defendants*.

_____

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S**
**MOTION TO AMEND THE JUDGMENT**

1

In response to Plaintiff's Motion to Amend the Judgment (ECF No. 115) seeking to amend this Court's final judgment dated May 27, 2025 (ECF No. 111 'Order") pursuant to Federal Rule of Civil Procedure 59(e), Defendants respectfully submit that, for the reasons set forth herein, the Court should deny Plaintiff's motion.

The Order granted in part and denied in part Defendants' Motion to Dismiss (ECF No. 15) and Plaintiff's Motion for Summary Judgment (ECF No. 16). The Court's Order carefully delineated the requirements placed on the Defendants in this matter, stating that "all defendants other than defendant United States (together, the 'agency defendants') are PERMANENTLY ENJOINED from implementing or giving effect to Executive Order 14250." Order at 2. The bifurcation of "agency defendant" from the United States as a defendant appears in other provisions of the Order, for example "agency defendants shall immediately take any and all steps necessary to nullify and reverse any implementation or enforcement of Executive Order 14250," and "agency defendants shall immediately issue guidance to their officers, staff, employees, and contractors, instructing them to disregard Executive Order 14250." *Id.* Plaintiff now seeks to bootstrap this Court's prior judgment to incorporate new parties. This is a quintessential claim that Plaintiff "could have raised before the decision was issued," id., and does not seek to provide the district court with an opportunity "to rectify its own mistak[e]." *White v. New Hampshire Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982).

It is a bedrock "principle of general application in Anglo-American jurisprudence that one is not bound by a judgment in personam in a litigation in which he is not designated as a party or to which he has not been made a party by service of process."

*Hansberry v. Lee*, 311 U.S. 32, 40 (1940). Rather, "[a] judgment or decree among parties to a lawsuit resolves issues as among them, but it does not conclude the rights of strangers to those proceedings." *Martin v. Wilks*, 490 U.S. 755, 762 (1989). Plaintiffs, now wishing to expand this Court's Order to new defendants not a party to the litigation, files this Motion to Amend the Judgment.

Federal Rule of Civil Procedure 59(e) governs motions to alter or amend a judgment. The purpose of this rule is to empower a district court "to rectify its own mistakes in the period immediately following the entry of judgment." *White*, 445 U.S. at 450. "Consistently with this original understanding," the rule is "only to support reconsideration of matters properly encompassed in a decision on the merits." *Id.* at 451. "In particular, courts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister v. Davis*, 590 U.S. 504, 508 (2020).

Plaintiff provides no reason or explanation why these new parties could not have been named in the original complaint or through an amended pleading prior to this Court's ruling on the merits. *See* Fed. R. Civ. Proc. 15 (permitting amended and supplemental pleadings). The Court should deny Plaintiff's belated attempt to pursue preclusion through Rule 59(e).

Furthermore, even if this Court permits the consideration of adding new parties post judgment, Plaintiff still bears the burden of establishing Article III standing as to its proposed additional defendants. "No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal court

jurisdiction to actual cases or controversies." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). That limitation finds expression in the doctrine of standing, which requires that a plaintiff invoking federal jurisdiction "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Standing "is not dispensed in gross," and "a plaintiff must demonstrate standing for each claim he seeks to press against each defendant." *Garcia v. Stewart*, 531 F. Supp. 3d 194, 205 (D.D.C. 2021) (emphasis added). Accordingly, it is insufficient to simply name new parties. Plaintiff must also allege how the challenged conduct is traceable to each proposed new defendant. Yet the current complaint and Plaintiff's latest motion do not allege this traceable nexus between injuries it has suffered and the proposed additional defendants.

For these reasons, the Court should deny Plaintiff's motion to amend the judgment.

Dated: June 17, 2025  
  Washington, D.C.

Respectfully submitted,

/s/ *Richard Lawson*  
RICHARD LAWSON  
Deputy Associate Attorney General  
950 Pennsylvania Avenue, NW  
Washington, DC 20530  
Telephone: (202) 445-8042  

*Counsel for Defendants*