IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILMER CUTLER PICKERING HALE
AND DORR LLP,

                *Plaintiff*,

    v.

EXECUTIVE OFFICE OF THE
PRESIDENT, *et al.*,

                *Defendants*.

Case No. 1:25-cv-917

Judge Richard J. Leon

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND THE JUDGMENT**

Defendants' opposition is notable less for what it says than for what it does not say. The government offers zero justification for its refusal to notify all the agencies and officers subject to Executive Order 14250 (the "EO") that this Court has issued a judgment declaring the EO "unconstitutional," "*ultra vires*," and "null and void," Dkt.111 at 2. That is because there is no justification. The judgment against the United States affects the legal obligations of *all* federal agencies and officials—including entities that are not named as defendants but were informed of and subject to the EO before it was invalidated (hereinafter, "other covered agencies"). The government's refusal to even *tell* other covered agencies that the EO has been declared invalid cannot be understood as anything other than an effort to invite non-compliance with this Court's judgment—similar to the memo the government sent purporting to comply with a duly issued court order by informing agencies that "an unelected district court yet again invaded the policy-making and free speech prerogatives of the executive branch," inviting them to continue "to decide with whom to work," and "reserv[ing] the right to take all necessary and legal actions regarding

'lawfare,' national security concerns, and discriminatory practices involving Jenner & Block," Memo. from Att'y Gen. Pamela Bondi & OMB Dir. Russell Vought, *Jenner & Block LLP v. U.S. Dep't of Just.*, No. 1:25-cv-916 (D.D.C. Apr. 8, 2025), Dkt.21-1.

The government's recalcitrance confirms that the only way to ensure that this Court's judgment "provide[s] complete relief to the plaintiff[]," *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979), is to amend it.  Just as Judge Bates did in *Jenner & Block* and Judge Howell did in *Perkins Coie*, this Court should specify that *all* covered agencies—including those listed in Appendix A to WilmerHale's proposed amended order and judgment, Dkt.115-2—are prohibited from enforcing or relying on the unconstitutional EO under penalty of contempt.  *Cf.* Order ¶9, *Jenner & Block LLP v. U.S. Dep't of Just.*, No. 1:25-cv-916 (D.D.C. May 23, 2025), Dkt.139 (directing the government to notify all agencies subject to Executive Order 14246, including all "entities listed in Appendix A," that they "are bound by the Court's Order, under penalty of contempt"); Order ¶4(D), (J), *Perkins Coie LLP v. U.S. Dep't of Just.*, No. 1:25-cv-716 (D.D.C. May 2, 2025), Dkt.184 (similar).

Notably, the government does not argue that this modest amendment would prejudice it in any way.  Nor could it; as this Court already underscored, the government has no legitimate interest in the "enforcement of an unconstitutional law." Dkt.110 ("SJ.Op.") at 72.  And the amendment is well within the Court's "broad discretion" to amend its own judgments under Rule 59(e) to "prevent manifest injustice." *Friends of the Cap. Crescent Trail v. Fed. Transit Admin.*, 268 F.Supp.3d 86, 88-89 (D.D.C. 2017) (Leon, J.); *see, e.g.*, *Pub. Citizen, Inc. v. Mineta*, 444 F. Supp.2d 12, 16 (D.D.C. 2006) (Leon, J.) (amending judgment under Rule 59(e) to prevent "potential harm" to an intervenor-defendant) (subsequent history omitted); *Simmons v. Blinken*, 2024 WL 5697419, at *2 (D.D.C. Oct. 10, 2024) (granting Rule 59(e) motion where defendant

failed to "provide[] any reason why he would be prejudiced" by the requested amendment). While WilmerHale had hoped notice to other covered agencies would suffice, the government's refusal to provide even that confirms that the only way to ensure that *no* component of Defendant, the United States, commits the manifest injustice of inflicting injury on WilmerHale pursuant to this invalid EO is to enjoin *all* agencies covered by the EO from implementing or enforcing it.

What the government does argue is unpersuasive. It begins by asserting that WilmerHale is trying to add "new parties" to the litigation. *See* Dkt.116 ("Opp'n") at 2-3. That is simply wrong. The entities in Appendix A are no "strangers to th[e]se proceedings," Opp'n.3; they are federal agencies notified of and subject to the EO whose interests have been fully represented here by the Department of Justice, and they are all legally obligated to comply with the *existing* declaratory judgment against the United States. As this Court has observed, "the United States may be named as a defendant … and a judgment or decree may be entered against the United States," provided that "any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance." SJ.Op.69 n.35 (brackets omitted) (quoting 5 U.S.C. §702). WilmerHale is merely asking the Court to specifically include additional federal entities in its injunction, which will ensure both that the government appreciates the full scope of its compliance obligations and that compliance can be compelled under penalty of contempt—an (unfortunately) necessary protection given the government's recalcitrance when it comes to implementing the orders of this Court and others in related proceedings.

The government next claims that WilmerHale should have raised this issue earlier and has only "belated[ly]" sought relief against all federal entities covered by the unconstitutional EO. Opp'n.3. In fact, the opposite is true: WilmerHale's complaint expressly states that "the United

3

States of America is included as a defendant to ensure that the relief ordered by the Court will apply government-wide." Dkt.1 ("Compl.") ¶71.  Consistent with its need to obtain "government-wide" relief from the EO, WilmerHale specifically asked the government to notify several agencies that are not named defendants about this Court's temporary restraining order—and the government agreed (and did so).  Since then, WilmerHale's counsel has remained in frequent communication with the government's counsel about compliance with this Court's orders, including by other covered agencies.  From those communications, WilmerHale understood that the government was willing to notify all covered agencies of any final judgment declaring the EO unconstitutional, regardless of whether they were specifically named in the action or instead captured by "the United States of America," thus obviating the need to burden this Court with an amended complaint adding scores of additional parties.  As soon as WilmerHale learned that its understanding was mistaken, it sought relief from this Court.  In sum, WilmerHale has diligently and consistently pursued government-wide relief from the EO.  It is only the government's unexpected (and unjustified) refusal to even *notify* all covered agencies about the Court's order that has necessitated this request to amend the judgment to make sure the government fully appreciates—and can be held accountable for—its compliance obligations.

  Finally, the government contends that WilmerHale must establish Article III standing with respect to each entity in Appendix A.  *See* Opp'n.3-4.  That is a curious argument, as it hard to see why the government cares whether the injunction covers those entities if they have no intention of implementing or enforcing the EO.  It also rests on an incorrect premise; courts routinely extend injunctions to parties that act in close concert with the named defendants without requiring that the plaintiff have standing to sue everyone covered by the injunction.  *See, e.g.*, *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 14 (1945); *ADT Sec. Servs., Inc. v. Lisle-Woodridge Fire Prot. Dist.*, 724

F.3d 854, 872 (7th Cir. 2013); *Nigerians in Diaspora Org. Ams. v. Key*, 2021 WL 811094, at *10 (D.D.C. Mar. 3, 2021). At any rate, here the complaint did name the United States, and this Court has already concluded that WilmerHale has standing to sue the United States (as well as the other named Defendants). *See* SJ.Op.16-19, 69 n.35. That entitles WilmerHale to whatever relief is necessary to ensure that the United States complies with this Court's judgment.

The only question, then, is what that involves. Unfortunately, the government's unexpected recalcitrance has demonstrated that a declaratory judgment against the United States is not enough to ensure that *none* of its agencies or officers will implement or enforce the EO. And while the complaint names many agencies with which WilmerHale attorneys and other employees regularly interact, and with which WilmerHale clients have government contracts, it does not exhaustively name every party subject to or capable of trying to implement an EO that this Court has held unconstitutional. Since the EO directs *all* federal agencies to engage in unconstitutional retaliation against WilmerHale, the only way to eliminate *all* risk that the EO may be used to inflict further injury on WilmerHale is to amend the judgment to make clear that *all* federal entities have a contempt-backed obligation to comply with it.

## CONCLUSION

This Court should grant WilmerHale's motion to amend the judgment.

5

| | |
|---|---|
| June 20, 2025 | Respectfully submitted, |
| | *s/ Erin E. Murphy* |
| | PAUL D. CLEMENT (D.C. Bar No. 433215) |
| | ERIN E. MURPHY (D.C. Bar No. 995953) |
| | MATTHEW D. ROWEN (D.C. Bar No. 176865) |
| | JOSEPH J. DEMOTT (Virginia Bar No. 93981, D.D.C. Bar ID #D00561) |
| | CLEMENT & MURPHY, PLLC |
| | 706 Duke Street |
| | Alexandria, VA 22314 |
| | (202) 742-8900 |
| | erin.murphy@clementmurphy.com |