UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WILMER CUTLER PICKERING HALE AND DORR LLP, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*, )<br>)<br>Defendants. ) | Civil Case No. 25-917 (RJL) |

## MEMORANDUM ORDER
June 26, 2025 [Dkt. #114; Dkt. #115]

On May 27, 2025, this Court issued an Order striking down Executive Order 14250, entitled "Addressing Risks from WilmerHale" (the "WilmerHale Order"), as unconstitutional. *See* Mem. Op. [Dkt. #110]; Order [Dkt. #111]. The parties now ask the Court to clarify or amend that judgment in two ways. First, defendants filed an unopposed motion to clarify the scope of the Court's injunction barring enforcement of Section 4 of the WilmerHale Order. Defs.' Mot. to Clarify [Dkt. #114] at 2. Second, WilmerHale "move[d] the Court to amend its Order so that the relief applies to all agencies and officials subject to Executive Order 14250." Pl.'s Mot. to Amend the J. ("Pl.'s Mot. to Amend") [Dkt. #115]. Defendants oppose WilmerHale's motion. Defs.' Opp'n to Pl.'s Mot. to Amend the J. ("Defs.' Opp'n to Pl.'s Mot.") [Dkt. #116]; Pl.'s Reply in Supp. of Mot. to

1

Amend the J. ("Pl.'s Reply ISO Mot. to Amend") [Dkt. #117]. For the reasons set forth below, I will **GRANT** both motions.

*Defendants' Motion to Clarify.* Defendants ask the Court to clarify "the scope of the Court's declaratory and injunctive relief as applied to Section 4 of [the WilmerHale Order]." Defs.' Mot. to Clarify at 1. Section 4 is labeled "Racial Discrimination" and states that "[n]othing in this order shall be construed to limit the action authorized by section 4 of Executive Order 14230 of March 6, 2025 (Addressing Risks from Perkins Coie LLP) [the 'Perkins Coie Order']." WilmerHale Order § 4. Section 4 of the Perkins Coie Order, which is also labeled "Racial Discrimination," instructs the Equal Employment Opportunity Commission ("EEOC") to "review the practices of representative large, influential, or industry leading law firms for consistency with Title VII of the Civil Rights Act of 1964 . . . ." Perkins Coie Order § 4(a). It also directs the Attorney General to investigate large law firms "who do business with Federal entities for compliance with race-based and sex-based non-discrimination laws and take any additional actions the Attorney General deems appropriate in light of the evidence uncovered." *Id.* § 4(b).

Defendants, "in an abundance of caution," moved the Court for a clarification that this Court's Order enjoins enforcement of Section 4 of the Perkins Coie Order only as applied to WilmerHale, not as to any other large law firms or other entities. Defs.' Mot. to Clarify at 2. WilmerHale does not oppose the motion. *Id.* at 3. Defendants are correct that

2

this Court's injunction barring enforcement of Section 4 of the WilmerHale Order runs only as to WilmerHale; therefore, the Court will grant defendants' motion to clarify.[1]

*WilmerHale's Motion to Amend.* WilmerHale filed a motion to amend the Court's Order pursuant to Rule 59(e). Pl.'s Mot. to Amend. I will grant this motion as well.

WilmerHale's Complaint named 52 defendants: 26 federal agencies, 25 federal officers in their official capacities, and the United States. Compl. [Dkt. #1]. In striking down the WilmerHale Order as unconstitutional, the Court issued declaratory relief as to all of the defendants but issued injunctive relief only as to the federal agency and officer defendants. *See* Order at 2; Mem. Op. at 69 n.35. The Court found that the United States is a proper defendant which could be subject to the Court's declaratory relief. Mem. Op. at 69 n.35. However, the Court did not issue injunctive relief against the United States as a whole "because [5 U.S.C.] § 702 requires '[t]hat any mandatory or injunctive decree shall specify the Federal officer or officers (by name or title) and their successors in office, personally responsible for compliance.'" *Id.* (quoting 5 U.S.C. § 702). WilmerHale named only 51 federal agencies and officers in its Complaint, and the Court thus issued injunctive relief only as to those agencies and officers.

WilmerHale now "asks the Court to amend its judgment so that the permanent injunction applies to every agency and officer subject to Executive Order 14250, not just the 51 named in the complaint." Pl.'s Mot. to Amend at 3. To that end, WilmerHale

---

[1] Defendants propose the Court issue the clarification via minute order. Defs.' Mot. to Clarify at 2. However, as explained below, the Court will grant WilmerHale's motion to amend and will issue an amended order. For the sake of efficiency, the Court will include defendants' requested clarification in the forthcoming amended order.

attached to its motion a list of additional federal agencies and officers it seeks to enjoin (hereinafter, the "additional agencies and officers").

WilmerHale brought this motion under Federal Rule of Civil Procedure 59(e), which provides that the Court may amend its judgment because of an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *See Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam) (quoting *Nat'l Trust v. Dep't of State*, 834 F. Supp. 453, 455 (D.D.C. 1993)). Courts have "considerable discretion" in deciding these motions. *Piper v. Dep't of Justice*, 312 F. Supp. 3d 17, 20 (D.D.C. 2004)

The Court finds that amending its Order is necessary to prevent manifest injustice. WilmerHale is concerned that even though the Court declared the WilmerHale Order unconstitutional, it "will nevertheless be enforced against it by agencies and officers who may not be aware (or could potentially claim unawareness) of either this Court's declaratory judgment or their obligation to comply with that declaration." Pl.'s Mot. to Amend at 3. The Court struck down the WilmerHale Order in its entirety and declared it null and void. This declaratory relief runs as to the United States as a whole, yet according to WilmerHale, defense counsel has refused to notify all United States agencies and officers of this judgment. *Id.* at 2–3; Decl. of Joseph J. DeMott [Dkt. #115-1] ¶¶ 4–6. Thus the Court must amend its Order to ensure that no federal agencies or officers are misguidedly enforcing the null and void WilmerHale Order.

Furthermore, this amendment is necessary to fully effectuate WilmerHale's inclusion of the United States as a defendant. WilmerHale included the United States "to

4

ensure that the relief ordered by the Court will apply government-wide." Compl. ¶. 71. The Court can issue injunctive relief against the United States so long as the injunction names the federal officers responsible for compliance instead of simply enjoining the "United States." *See* 5 U.S.C. § 702. While the Court initially included in the injunction only the agencies and officers named as defendants, nothing in § 702 requires WilmerHale to list every agency and officer it seeks to enjoin in the Complaint. *See Jenner & Block LLP v. Dep't of Justice*, 2025 U.S. Dist. LEXIS 99015, at *72–73 (D.D.C. May 23, 2025) (Bates, J.) ("Section 702 does require Jenner eventually to list the individual federal officers it seeks to enjoin; it just need not do so in the caption of the complaint."). WilmerHale named the United States as a defendant and has now provided the required list of agencies and officers it would like the Court to enjoin.[2] If I decline to enjoin these

---

[2] While defendants complain that WilmerHale could have raised this issue before judgment was issued, *see* Defs.' Opp'n to Pl.'s Mot. at 2–3, this argument is unavailing for two reasons. First, WilmerHale's Complaint states that the United States "is included as a defendant to ensure that the relief ordered by the Court will apply government-wide." Compl. ¶ 71. WilmerHale's proposed summary judgment order urged the Court to order "[d]efendant United States Department of Justice . . . to immediately issue guidance to all other agencies subject to the Order, instructing them to disregard the Order and carry on with their ordinary course of business as if the Order had never issued." Pl.'s Proposed Order [Dkt. #16-6] Thus defendants cannot claim any unfair surprise that WilmerHale has moved to make sure that the relief applies Government-wide. Second, WilmerHale asserts that it reasonably believed defense counsel would notify the additional agencies and officers of the Court's Order because defense counsel indicated it would do so:

> WilmerHale's counsel has remained in frequent communication with the government's counsel about compliance with this Court's orders, including by other covered agencies. From those communications, WilmerHale understood that the government was willing to notify all covered agencies of any final judgment declaring the [WilmerHale Order] unconstitutional, regardless of whether they were specifically named in the action or instead captured by "the United States of America," thus obviating the need to burden this Court with an amended complaint adding scores of additional parties. . . . It is only the government's unexpected (and unjustified) refusal to even *notify* all covered agencies about the Court's order that has necessitated this request to amend the judgment . . . .

Pl.'s Reply ISO Mot. to Amend at 3–4. This is not a situation in which a party should have raised issues or arguments earlier. Instead, WilmerHale is asking the Court to amend its judgment in response to what it believes to be warning signs of defendants' potential non-compliance with said judgment.

additional agencies and officers, my Order will not reflect the relief sought—and granted—in this case.[3]

None of the defendants can claim prejudice from this amendment and defendants point to no such prejudice. The Court has already declared the WilmerHale Order unconstitutional, and "thus defendants do not have a legitimate interest in enforcing [it]." Mem. Op. at 72. In fact, since the Court issued declaratory relief as to the United States as a whole, none of the federal agencies and officers should be enforcing the WilmerHale Order anyway.

Accordingly, it is hereby

**ORDERED** that defendants' Motion to Clarify [Dkt. #114] is **GRANTED**; it is further

**ORDERED** that WilmerHale's Motion to Amend [Dkt. #115] is **GRANTED**; and it is further

**ORDERED** that the Court will issue an amended version of its May 27, 2025 Order [Dkt. #111] consistent with the above.

**SO ORDERED**.

RICHARD J. LEON
United States District Judge

---

[3] The Court has already concluded that WilmerHale has standing to sue the United States and the named agency and officer defendants. *See* Mem. Op. at 16–19, 69 n.35. WilmerHale has standing as to the additional agencies and officers for the same reasons and to the same extent.